IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEVERLY GINTZ, SHERRY OWEN and MARIA
MACIAS, individually and on behalf of
all others similarly situated,

        Plaintiffs,

  v.

JACK IN THE BOX, INC., and DOES 1
through 25, inclusive,

        Defendant.

_____/

No.  C06-02857 CW

ORDER GRANTING IN
PART AND DENYING
IN PART
DEFENDANT'S
MOTION TO
TRANSFER VENUE

    Defendant Jack in the Box, Inc. moves, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the Northern District of Texas.  Plaintiffs oppose the motion.  The matter was decided on the papers.  Having considered all of the papers filed by the parties, the Court GRANTS in part the motion to transfer venue and DENIES it in part.

BACKGROUND

    Plaintiff Beverly Gintz filed a California state court class action in Orange County Superior Court alleging, among other claims, that Defendant Jack in the Box, Inc. (JIB) failed to provide meals and rest periods to non-exempt employees working at JIB corporate restaurants, which Defendant owns.  During her investigation of these claims, Plaintiff Gintz discovered that Defendant's alleged unlawful polices and practices were widespread, affecting employees at JIB corporate restaurants throughout the United States.

There are 974 JIB corporate restaurants in the United States located outside of California. See Kaufhold Decl. at ¶ 3. Approximately two-thirds of these 974 JIB corporate restaurants are operated by Jack in the Box Eastern Division L.P. (JIB Eastern Division), a Texas Limited Partnership affiliated with JIB. Id. at ¶¶ 3-4. All of the 499 JIB corporate restaurants located in Texas are operated by JIB Eastern Division. Id. at ¶ 3. Both the registered agent for JIB Eastern Division and the Director of Human Resources and Training for the JIB Eastern Division-operated restaurants are located in the Northern District of Texas. Id. at ¶ 4.

On April 27, 2006, Plaintiffs filed the present federal action, alleging both California state law causes of action and a federal law cause of action. The federal law cause of action, on behalf of a nation-wide class and a California class, alleges violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206-207, based on non-exempt employees being required to work in excess of eight hours per day or forty hours per week and to work through paid or unpaid meal and rest breaks.

Defendant moved to stay or dismiss the present action. On November 28, 2006, the Court issued an Order dismissing the state claims and staying the federal claims of the California class. The Court denied Defendant's motion to stay or dismiss the federal claims made on behalf of the nation-wide class members who worked at a JIB corporate restaurant outside of California (the non-California class).

2

**United States District Court**
For the Northern District of California

LEGAL STANDARD

A.   Transfer of Venue

Title 28 U.S.C. § 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   A district court has broad discretion to adjudicate motions for transfer on a case-by-case basis, considering factors of convenience and fairness.   See Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988). The movant bears the burden of justifying the transfer by a strong showing of inconvenience.   Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).   The motion may be denied if the increased convenience to one party is offset by the added inconvenience to the other party.   Id.

When adjudicating a motion to transfer venue under 28 U.S.C. § 1404(a), a district court must balance a number case-specific factors, including the plaintiff's initial choice of forum, convenience of the parties and witnesses, and the interest of justice.   See Steward Org., 487 U.S. at 29; Decker Coal Co., 805 F.2d at 842-43; Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 89 F.R.D. 497, 499 (C.D. Cal. 1981).   As a general rule, the plaintiff's choice of forum is given significant weight and will not be disturbed unless other factors weigh substantially in favor of transfer.   See 28 U.S.C. § 1404(a).   This is especially true when the forum chosen by a plaintiff is its domicile.   See Los Angeles Mem'l Coliseum Comm'n, 89 F.R.D. at 499 (citing Pacific Car &

3

Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)).  However, when the plaintiffs represent a class, their choice of forum is given less weight.  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

A case may be transferred for convenience only to a venue in which it could have originally been brought.  In civil cases where jurisdiction is based on a federal question, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

B.  Severance of Claims

A court, of its own initiative, may sever any claim against a party.  Fed. R. Civ. Pro. 21.

DISCUSSION

Defendant argues that the convenience of the parties and witnesses in this action requires transfer to Northern District of Texas.

A.  Venue in the Northern District of Texas

Defendant argues that venue is proper in the Northern District of Texas because JIB Eastern Division is a necessary party to the lawsuit and both the registered agent for JIB Eastern Division and the Director of Human Resources and Training for the JIB Eastern Division-operated corporate restaurants are located in the Northern

4

District of Texas.  Plaintiffs argue that, because JIB Eastern
Division appears to be a separate entity from Defendant and is not a
named defendant, venue would not be proper in the Northern District
of Texas.  However, due to Defendant's contacts with the Northern
District of Texas, "a judicial district in which a substantial part
of the events or omissions giving rise to the claim occurred," venue
would be proper there.  28 U.S.C. § 1391(b)(2).  Accordingly, this
action originally could have been brought in the Northern District
of Texas.

B.  Plaintiffs' Choice of Forum

    Citing Lou, 834 F.2d at 739, Defendant argues that Plaintiffs'
choice of forum is entitled to little deference in a class action.
As noted above, the weight to be given to a plaintiff's choice of
forum in a class action is diminished.  Id.  However, a plaintiff's
choice of forum is still entitled to some deference.  The Ninth
Circuit instructs that the amount of deference is determined by the
parties' contact with the forum:  "If the operative facts have not
occurred within the forum and the forum has no interest in the
parties or subject matter," the plaintiff's choice of forum is
entitled only minimal consideration.  Id.

    In the present case, Plaintiffs have chosen the Northern
District of California.  The events giving rise to some of the
claims of the California class occurred in this district.  Thus,
Plaintiffs' choice of forum for the California class is entitled to
some consideration.  However, none of the claims of the non-

5

**United States District Court**
For the Northern District of California

California class arose in this district, entitling Plaintiffs'

choice of forum for this class to only minimal consideration.

C.   Convenience of the Forum

Defendant argues that the parties and witnesses will be

inconvenienced by a trial in this district.  Title 28 U.S.C.

§ 1404(a) specifically lists "convenience of parties and witnesses"

as one reason justifying transfer of venue.  As noted above, a

district court generally refuses a request to transfer when the

effect would simply be to shift the inconvenience from one party to

another.  See Decker Coal Co., 805 F.2d at 843.

A number of private and public interest factors should be

considered in determining the convenience of a forum.  Decker Coal

Co., 805 F.2d at 843.  Private interest factors include:

> the relative ease of access to sources of proof;
> availability of compulsory process for attendance of
> unwilling, and the cost of obtaining attendance of
> willing, witnesses; possibility of view of premises, if
> view would be appropriate to the action; and all other
> practical problems that make trial of a case easy,
> expeditious and inexpensive.

Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Public interest factors include: "the administrative difficulties

flowing from court congestion; the 'local interest in having

localized controversies decided at home'; . . . and the unfairness

of burdening citizens in an unrelated forum with jury duty."  Id.

(quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).

1.   Access to Proof

Defendant argues that the evidence to prove the alleged claims will include testimony of the putative class members and their supervisors.  It argues that, because many of the corporate restaurants are in the Texas, with the putative class members and their supervisors residing close to the restaurants, this proof will be more accessible in the Northern District of Texas.  See Kaufhold Decl. at ¶¶ 3-4.  Defendant also argues that the Director of Human Resources and Training, who is responsible for human resource matters for the JIB corporate restaurants operated by JIB Eastern Division, is located in the Northern District of Texas.  Kaufhold Decl. at ¶ 4.

Plaintiffs argue that while, as noted above, there are 499 JIB corporate restaurants located in Texas, there are still 475 corporate restaurants located in States outside of Texas, not including California.  Kaufhold Decl. at ¶ 3.  Although the Northern District of Texas would be convenient for parties and witnesses residing in or near Texas, it would be inconvenient for the named class members and class members and witnesses not living near Texas. On balance, the access to proof weighs in favor of Plaintiffs' choice of forum for the California class and weighs strongly in favor of Defendant's choice of forum for the non-California class.

    2.  Convenience of the Witnesses and Ability to Compel
        Unwilling Witnesses to Testify

Defendant again argues that, because many putative class members and their supervisors work and reside in Texas, requiring

7

United States District Court
For the Northern District of California

them to travel to this district to testify at trial would be inconvenient. According to Defendant, the largest group of potential witnesses is in Texas. Therefore, it also argues that, to the extent that it is necessary to subpoena unwilling witnesses, the Northern District of Texas is a more convenient forum.

Plaintiffs argue that, because this a representative case, few class members would be required to testify as witnesses. Regarding testimony from potential unwilling witnesses, Plaintiffs argue that not all witnesses called to testify will necessarily be from Texas, because only a little over half of the JIB corporate restaurants outside of California are in Texas. Furthermore, they argue that, because Defendant's corporate headquarters is in San Diego, California, the Northern District of California would be a more convenient venue for both willing and unwilling witnesses' testimony. On balance, these factors weigh slightly in favor of Plaintiffs' choice of forum for the California class and strongly in favor of Defendant's choice of forum for the non-California class.

3. Possible View of the Premises

Defendant argues that, because many of the corporate restaurant premises are located in Texas, if it is necessary to view the premises, venue in the Northern District of Texas would be more convenient. However, because the claims against Defendant do not concern the restaurant premises, it is unlikely that viewing the premises will be necessary. This factor does not weigh in favor of

United States District Court
For the Northern District of California

1   either forum.

2        4.   Relative Court Congestion

3        Defendant argues that venue should be transferred because the

4   Northern District of Texas' docket is less congested than the

5   Northern District of California's.  Plaintiffs do not address this

6   point.  However, "these kinds of considerations should play a role

7   in venue shifting analysis only if the backlogs in the two courts

8   are so totally disproportionate that it is obvious that time to

9   trial would be radically longer in the court initially selected by

10  plaintiff." Linear Tech. Corp. v. Analog Devices, Inc., 1995 WL

11  225672, *4 (N.D. Cal. 1995).  Defendant has not shown that the

12  backlogs in the Northern District of Texas and the Northern District

13  of California are disproportionate.  Thus, this factor does not

14  weigh in favor of either forum.

15

16        5.   Local Interest in Having Localized Controversies
               Decided at Home and Unfairness of Burdening
17             Citizens in an Unrelated Forum with Jury Duty

18        Defendant argues that the present case involves no claims that

19  arose in the Northern District of California and that Texas is the

20  location of the majority of the extant claims.  It also contends

21  that it would be unfair to burden citizens of the Northern District

22  of California with jury duty when none of the claims arose in this

23  district.

24

25        Plaintiffs respond that the federal law claims of the

26  California class members have only been stayed, and not dismissed.

27  Some of these claims arose in the Northern District of California.

28
                                9

United States District Court
For the Northern District of California

If the stay of the federal claims of the California class is lifted, the claims would be resolved by this Court or the court to which the action is transferred.  Although there is a local interest in the California class, there is no local interest in the claims of the non-California class.  These factors weigh in favor of Plaintiffs' choice of forum for the California class and weigh in favor of Defendant's choice of forum for the non-California class.

C.  Weighing of Factors

For the California class, Plaintiffs show that they have an interest, although minimal, in litigating in this district. Defendant must show that convenience or the interest of justice outweighs Plaintiffs' interest in litigating in their chosen forum. Defendant does not meet this burden.  None of the factors affecting the convenience of a forum for the California class weigh in favor of transfer.  Plaintiffs' choice of forum for the California class will not be disturbed.

For the non-California class, some factors affecting the convenience of a forum strongly weigh in favor of transfer to the Northern District of Texas.  Defendant meets its burden.  Because the balance of factors weighs in favor of Defendant, the claims of the non-California class will be severed pursuant to Fed. R. Civ. Pro. 21 and the venue for the non-California class will be transferred to the Northern District of Texas.  See, e.g., SB Designs v. Reebok Int'l, Ltd., 305 F. Supp. 2d 888, 891 (N.D. Ill.

**United States District Court**
For the Northern District of California

1    2004) (severing some claims and transferring them pursuant to

2    Section 1404(a)).

3                              CONCLUSION

4         For the foregoing reasons, Defendant's motion to transfer venue

5    (Docket No. 33) is GRANTED IN PART and DENIED IN PART.  The claims

6    of the California class and the non-California class are severed.

7    Defendant's motion to transfer venue to the Northern District of

8    Texas is GRANTED for the non-California class members; it is DENIED

9    for the California class members.  The claims of the non-California

10   class are transferred to the Northern District of Texas; the claims

11   of the California class will stay in this district.

12        The case management conference scheduled for February 9, 2007

13   is vacated.  A case management conference for the claims of the

14   California class will be held on July 27, 2007, at 1:30 p.m., at

15   1301 Clay Street, Oakland, Courtroom 2 (Fourth Floor).  The Clerk

16   shall transfer the file to the Northern District of Texas and keep a

17   duplicate copy in this district.

18        IT IS SO ORDERED.

19

20   Dated:  2/1/07

21                                          _____

22                                          CLAUDIA WILKEN
                                            United States District Judge
23

24

25

26

27

28
                                    11